IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M.C. ET AL., | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WALLINGFORD-SWARTHMORE | : | No. 10-02804 |
| SCHOOL DISTRICT | : | |
|     Defendant. | | |

## O R D E R

**AND NOW**, this 12th day of July, 2010, upon consideration of the Plaintiffs' Motion for Preliminary Injunction (paper no. 2) and the Defendant's Response in Opposition to Plaintiffs' Motion for Preliminary Injunction (paper no. 5), and, after an oral argument during which counsel for all parties were heard, it appearing that:

a.  M.C. resides with his parents, K.C. and C.C., within the boundaries of the Wallingford-Swarthmore School District ("District").
b.  The District is a local educational agency within the meaning of 20 U.S.C. § 1401(15), 34 C.F.R. § 300.28, 22 Pa. Code 14.102(a)(2)(vii), a federal funds recipient within the meaning of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 and Section 504, 29 U.S.C. § 794(b)(2)(B).
c.  As a "child with a disability" within the meaning of IDEA, 20 U.S.C. § 1402(3)(A), 34 C.F.R. § 300.8, and a "qualified individual with a disability" within the meaning of § 504 of the Rehabilitation Act ("Section 504" or "Rehabilitation Act"), 29 U.S.C. § 705(20), M.C. is entitled to a free and appropriate public education ("FAPE") from the District.
d.  On May 19, 2010, Plaintiffs requested a special education due process hearing under 34 C.F.R. §§ 300.507(1) and 300.508 and 22 Pa. Code 14.162, seeking relief under IDEA and Section 504.  Plaintiffs sought a determination that the extended school year ("ESY") program offered by the District for the Summer of 2010 was not an offer of FAPE.
e.  On May 28, 2010, a hearing was held to determine whether the ESY 2010 program complied with federal and state laws requiring FAPE for students with special education needs.
f.  In a decision dated June 5, 2010, the Special Education Hearing Officer rejected Plaintiffs' requests for relief.
g.  During the pendency of any administrative or judicial proceedings, unless the parties otherwise agree, M.C. is entitled to "remain in the then-current" or "stay-put" educational placement under 20 U.S.C. § 1415(j).
h.  Plaintiffs filed a civil action in the United States District Court for the Eastern District of Pennsylvania on June 11, 2010, seeking: (1) a review and reversal of the Hearing

<dl>
<dt>　</dt>
<dd>Officer's decision that the program for ESY 2010 was appropriate with minor changes; (2) an order that the District must fund M.C.'s stay-put placement during the pendency of this litigation; and (3) reasonable attorney's fees and costs under IDEA and Section 504.</dd>
</dl>

i. Plaintiffs filed a motion for preliminary injunction on June 16, 2010.

j. The court gave the parties leave to file cross-motions for summary judgment based on the administrative record on or before Friday, July 30, 2010.

k. The 2009 ESY program included: 90 minutes per week of occupational therapy, 90 minutes per week of physical therapy, and 30 minutes per week of individual speech and language therapy within the District's Shining Stars Program; 80 hours of Direct 1:1 Reading Instruction at Lindamood Bell Bryn Mawr; speech and language therapy for 30 minutes, 3 times per week, with Sue Caspari; and 20 hours of occupational therapy and physical therapy provided by A Total Approach.

l. Plaintiffs argue that the ESY 2009 program should be continued, with services provided by the same vendors, for the summer of 2010.

m. Although the District agrees that M.C. is entitled to services comparable to those provided during the summer of 2009, the District argues that it has the right to select the vendors.

n. The District has not yet specified vendors who are qualified and available to provide the services for summer 2010, or a date by which time they would be selected.

o. M.C. is currently enrolled in the District's Shining Stars Program, but is not yet receiving additional services from Sue Caspari, Lindamood Bell Bryn Mawr, A Total Approach, or other vendors.

p. There is no agreement yet on a FAPE for the 2010-11 school year.

It is **ORDERED**:

1. Plaintiffs' Motion for a Preliminary Injunction is **GRANTED**.
2. The 2009 ESY program is M.C.'s "stay-put" placement under § 1415(j) of the IDEA.
3. M.C. is entitled to the 2009 ESY program under the "stay-put" provision pending a final decision in the administrative and judicial due process proceedings to determine the appropriateness of the 2010 ESY program. The 2009 ESY program includes: 90 minutes per week of occupational therapy, 90 minutes per week of physical therapy, and 30 minutes per week of individual speech and language therapy within the Shining Stars Program; 80 hours of Direct 1:1 Reading Instruction at Lindamood Bell Bryn Mawr; speech and language therapy for 30 minutes, 3 times per week, with Sue Caspari; and 20 hours of occupational therapy and physical therapy provided by A Total Approach.
4. The District is ordered to continue to enroll M.C. in the District's Shining Stars Program and to pay for 80 hours of Direct 1:1 Reading Instruction at Lindamood Bell Bryn Mawr; speech and language therapy for 30 minutes, 3 times per week, with Sue Caspari; and 20 hours of occupational therapy and physical therapy provided by A Total Approach, so long as those vendors are available. The District must pay for these services for the pendency of the administrative and judicial due process proceedings to determine the appropriateness of the 2010 ESY program offered to M.C. for the summer of 2010.

5. The District has waived any bond.
6. On June 11, 2010, Plaintiffs filed a Complaint against the Wallingford-Swarthmore School District.  Oral arguments on the cross-motions for summary judgment on the administrative record will be held on **August 3, 2010 at 12 PM** at the U.S. Courthouse, 601 Market Street, Philadelphia, PA in Courtroom 16B.  In addition to trial counsel, plaintiff and a representative of defendant with full authority to settle the action shall attend the hearing.  Counsel for defendant shall also ensure that the following individuals from the Wallingford-Swarthmore School District are present at the hearing, unless excused by the court: the President of the School Board, the Superintendent of Schools, and the Director of Special Education.  Failure to comply with this order may result in **SANCTIONS** in accordance with the Federal Rules of Civil Procedure.

      /s/ Norma L. Shapiro
      J.