IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M.C., by and through his Parents K.C. and C.C., and K.C. and C.C., individually, | : | NO. 10-CV-2804 |
| Plaintiffs | : | |
| v. | : | |
| Wallingford-Swarthmore School District, | : | |
| Defendant | : | The Honorable Norma L. Shapiro |

**BRIEF IN SUPPORT OF MOTION TO DISSOLVE PRELIMINARY INJUNCTION OF JULY 12, 2010 ON BEHALF OF DEFENDANT WALLINGFORD-SWARTHMORE SCHOOL DISTRICT**

I.  **FACTS**

In this case, the Plaintiffs filed an appeal of the June 5, 2010, decision of Hearing Officer Linda M. Valentini, Psy. D, CHO, finding that the District's offer of ESY programming for the summer of 2010 was appropriate for the Minor Plaintiff. (*See* Compl. (Doc. 1)). In addition, Plaintiffs sought a Preliminary Injunction ordering the provision of the pendent ESY placement during the course of this appeal to consist of identical service providers who provided services to the Minor Plaintiff during the course of ESY for the summer of 2009. (Mot. for Prelim. Injunction (Doc. 2)). On July 12, 2010, this Honorable Court granted the Plaintiffs' Motion and noted, both in the Order of Court and during the course of oral argument on this Motion, the Court's concern that Defendant had not provided a list of services providers it wished to use for the Student (Doc. 12).

Defendant has now identified the providers who are qualified and available to provide services to the Minor Plaintiff during this appeal and respectfully requests that this Honorable Court dissolve the Preliminary Injunction and allow the Defendant to use its chosen providers.

The Defendant proposes to use Carolyn A. Macrina to provide speech and language services to the Student. Ms. Macrina is a well seasoned speech and language therapist with 23 years of experience and has training in working with students with apraxia of speech, one of the Minor Plaintiff's areas of need. Defendant proposes to use Megan Sheppard a qualified occupational therapist to provide services to the Student. Both Ms. Sheppard and Ms. Macrina are currently providing services to the Student in The Shining Stars Program and would be able to continue to provide services, provide additional services in the school setting, avoiding both unnecessary transitions between two therapists and transportation to another location, which would be required with the providers chosen by the Plaintiffs.

The District has chosen Diane Seider to provide one to one reading instruction to the Student during the course of the summer of 2010. Ms. Seider has years of experience in reading instruction and is certified in providing the Wilson Reading Program. While the Wilson Reading Program is not identical to the program provided through Lindamood-Bell, it is the program that was provided to the Student during the school year while he was placed at a private school in New Jersey. Accordingly, providing Wilson Reading would avoid unnecessary transitions and using this provider would allow the Student to receive all of his instruction from one therapist, which is not guaranteed in the Lindamood-Bell program.

All three providers, Ms. Seider, Ms. Macrina and Ms. Sheppard are available and willing to provide services to the Student.

## II. ARGUMENT

### A. STANDARD FOR PENDENT PLACEMENT

The IDEA provides that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child." 20 U.S.C. § 1415(j). "The term 'educational placement' is not statutorily defined, so that identifying a change in this placement is something of an inexact science." *John M. v. Board of Education of Evanston Township High School District 202*, 502 F.3d 708, 714 (7th Cir. 2007) *citing Board of Comm. High Sch. Dist. No. 218 v. Illinois St. Bd. of Educ.*, 103 F.3d 545, 548 (7th Cir. 1996)). The difficulty is that "[e]ducational placement, as used in the IDEA, means educational program – not the particular institution where that program is implemented." *White v. Ascension Parish Sch. Bd.*, 343 F.3d 373, 379 (5th Cir. 2003). In *John M.*, the Seventh Circuit surveyed the cases and concluded the critical element of educational placement is the type – level, intensity, degree, nature, etc. – of services the student last received. Like this case, *John M.* involved a motion to enforce stay-put. The court observed, first, a profound reluctance in its own precedent and in other Circuits to apply "educational placement" and, thus, stay-put, in a rigid manner. Rather, "respect for the *purpose* of the stay-put provision requires that the former IEP be read at a level of generality that focuses on the child's educational needs and goals." *John M.*, 502 F.3d at 714 (emphasis in original; quotations omitted). Educational placement requires only replication of a comparable placement. *Id.* at 715 *citing Johnson v. Special Educ. Hearing Off.*, 287 F.3d 1176 (9th Cir. 2002). In the present case, it is respectfully submitted that the view of pendency taken in Plaintiffs' Motion for Preliminary Injunction is overly rigid and that Defendant should have the ability to choose the providers.

**B. PENDENT PLACEMENT IS BASED ON THE LEVEL OF SERVICES, NOT THE PROVIDER, MODALITY OR LOCATION OF THE SAME.**

The Third Circuit Court of Appeals has noted, when speaking of the issue of pendent placement, that "Congress was concerned with the services and programs offered to handicapped children, *not with the vendors supplying them.*" *Pardini v. Allegheny Intermediate Unit*, 420 F.3d 181, 188 (3d Cir. 2005)(emphasis added) *citing Johnson v. Special Education Hearing Officer*, 287 F.3d 1176, 1179 (9th Cir. 2002). Furthermore, a student's stay-placement need not be private or out of district, even if that was provided in the past, so long as the placement provides comparably services as was previously provided. *M.K. v. Roselle Park Bd. of Educ.*, 2006 U.S. Dist. LEXIS 79726, *29-*30 (D.N.J. 2006)(unpublished) *citing Lunceford v. District of Columbia Bd. of Educ.*, 745 F.2d 1577 (D.C. Cir. 1984). In addition, the stay-put provision does not include a specific methodology or modality, unless it is a necessary component of the student's educational plan. *See John M., supra* 502 F.3d at 716; *Erickson v. Albuquerque Public Schools*, 199 F.3d 1116, 1121-1122 (10th Cir. 1999).

In the present case, the Plaintiffs have sought and obtained pendent placement that includes specific vendors, therapists and methodologies. For example, Plaintiffs requested that this Honorable Court order the provision of speech therapy sessions "with Sue Caspari", occupational therapy and physical therapy "at A Total Approach" and reading instruction at Lindamood Bell in Bryn Mawr, Pennsylvania. Moreover, the Plaintiffs do not assert or present any evidence that this specific providers or methodologies are a necessary component of this Student's educational plan. As discussed above, as a matter of law, there is no entitlement under the stay-put provision to certain providers or services provided a certain locations or methodologies. Accordingly, to the extent that the Plaintiffs requested the same, there is no such entitlement to that relief as Defendant, not the Plaintiffs, have the right to choose the providers.

C. **DEFENDANT HAS ADDRESSED THIS HONORABLE COURT'S CONCERN THAT STUDENT MIGHT NOT BE PROVIDED SERVICES IF A PRELIMINARY INJUNCTION WAS NOT GRANTED.**

The Federal Rules of Civil Procedure permits this Honorable Court to dissolve an Order of Court when its continued application is no longer equitable or other reasons justify such relief. *See* F.R.C.P. 60(b). In the present case, this Honorable Court raised as an area of concern, both in oral argument and its Order, that Defendant had not yet identified the service providers who would provide services to M.C. and noted concern during oral argument that M.C. might not be provided services were this Honorable Court to delay while Defendant identified such providers. Defendant has now identified providers who are able and willing to provide services to the Student, are qualified to do so, and some of whom could provider services in a manner that would avoid additional transitions and/or transportation for the Student. As detailed above, Defendant has the right to pick the providers and the concerns raised by this Honorable Court have been addressed. Accordingly, the Preliminary Injunction should be dissolved as a matter of equity.

## III. <u>CONCLUSION</u>

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an order (1) Dissolving the Preliminary Injunction entered on July 12, 2010; (2) Ordering Defendant to pay for any services, if any, provided under the Preliminary Injunction from July 12, 2010, until the entry of a court order, and (3) Order the Defendant to provide any remaining hours services owed under pendent placement through the providers selected by the District.

                              Respectfully submitted,

                              FOX ROTHSCHILD LLP

BY: _____
       Timothy E. Gilsbach, Esquire
       Pennsylvania Attorney I.D. No. 92855
       *Counsel for Defendant Wallingford-Swarthmore School District*
       Ten Sentry Parkway, Suite 200
       P.O. Box 3001
       Blue Bell, PA 19422-3001
       (610) 397-6500

Dated: <u>July 16, 2010</u>